# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CATHERINE D. CRIDER,

      Appellant,

        v.

DEPARTMENT OF THE NAVY,

      Agency.

DOCKET NUMBER
SF-0432-14-0451-I-1

DATE: April 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Catherine D. Crider</u>, Nixa, Montana, pro se.

<u>Diana L. King</u>, Esquire, San Diego, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal for performance-based reasons. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant served as an Administrative Specialist [Senior Project Business and Financial Manager (BFM)], NO‑4,[2] in the agency's Scientific and Technical Reinvention Laboratory Demonstration Personnel system.  Initial Appeal File (IAF), Tab 5 at 26.  Her duties required her to assist other Project BFMs in financial matters; coordinate and respond to data calls; implement processes, provide advice and recommendations in planning, preparing, processing, and coordinating tasks in the areas of budget, accounting, procurements, and contracts; work with others to develop strategies for issues concerned with funding projections and estimates; review outstanding commitments and obligations; prepare various reports, track project expenditures, process funding documents, identify and submit corrections for erroneous charges, respond to budget and accounting drills and to status requests from sponsors; prepare, process, execute, and track procurement and contract actions; and interact with sponsors, contractor personnel, and various departments to facilitate execution of day-to-day financial and administrative requirements.  *Id.*

---

[2] The appellant has not challenged the administrative judge's statement that the position is equivalent to a GS-11.  Initial Decision at 1 n.1.

at 28. Over a year after her selection in June 2011, a new supervisor began to perceive issues with the appellant's performance regarding lack of timeliness and consistency, and formatting errors. *Id.* at 32. The appellant's supervisor counseled her mid-year, and then formally on May 1, 2013. IAF, Tab 19. Continuing to find errors in the appellant's Procurement Requisitions (PR) and inaccuracies in other of her work products, her supervisor placed her on a 90-day performance improvement plan (PIP) beginning on June 19, 2013, which included training, the assignment of a mentor, and weekly meetings with the appellant's supervisor. IAF, Tab 20. By notice dated October 23, 2013, the appellant was informed that she had failed the PIP because she had not demonstrated acceptable quality in the "Technical" critical element in the tasks of PRs, Outgoing Funding Documents, Financial Status Reports, Funds Management Reports, and Incoming Funding Log/PR Log. IAF, Tab 21. The appellant grieved those findings but, on January 9, 2014, upon review, her second-level supervisor agreed that she had failed the PIP. IAF, Tab 8. On January 17, 2014, the second-level supervisor proposed the appellant's removal for unacceptable performance under 5 U.S.C. chapter 43, IAF, Tab 6 at 5, and on March 6, 2014, the Head, Business and Financial Management, concurred that the appellant's performance was unacceptable, warranting her removal, effective that day, IAF, Tab 7 at 5.

¶3      On appeal, the appellant challenged the basis for the PIP and for her removal, arguing that the errors attributed to her were exaggerated and that the adverse findings regarding her performance were predetermined by her supervisors. The appellant also alleged that the agency's action was due to retaliation based on her whistleblowing activities. IAF, Tab 1 at 7-16. She requested a hearing. *Id.* at 1.

¶4      Thereafter, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 26, Initial Decision (ID) at 1, 22. He found that the agency received approval by the Office of Personnel Management of its performance appraisal system, ID at 4-5; that the agency apprised the appellant of

her performance standards which provided measurable benchmarks, ID at 5-6, notified her of her unacceptable performance, and gave her a reasonable opportunity to improve, ID at 6-8; and that her performance during that period was unacceptable, ID at 9-13. The administrative judge considered, but found unsupported, the appellant's claim that the agency's action was taken in retaliation for her protected activity; namely, her disclosing a misappropriation of funds by the agency and nepotism. ID at 13‑21.

¶5    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded in opposition, PFR File, Tab 3, and the appellant has submitted a reply thereto, PFR File, Tab 6.

¶6    On review, the appellant challenges the administrative judge's finding that the agency presented substantial evidence that it notified her of her unacceptable performance and gave her a reasonable opportunity to improve.[3] Specifically, the appellant disputes the administrative judge's reliance on the testimony of the Project BFM assigned to meet with the appellant twice weekly during the PIP period in a mentoring role to the effect that she did not take advantage of the meetings and seemed defensive and distracted. ID at 8. The appellant asserts that the testimony "lacks integrity." PFR File, Tab 1 at 17. To the extent that the appellant is attacking the witness's credibility, it is well established that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such decisions only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009) (explaining that when an administrative judge has heard live testimony, his credibility determinations must

---

[3] For purposes of clarity, we have addressed and analyzed the appellant's arguments on review in a different order from that in which they were raised.

be deemed to be at least implicitly based upon the demeanor of the witnesses). In the absence of any such reason, the appellant has not shown that the administrative judge erred in finding that, in its mentoring during the PIP period, the agency afforded the appellant a reasonable opportunity to improve.[4] Moreover, as noted, the agency afforded the appellant a 90-day PIP. IAF, Tab 20. The Board has found that even a 30-day PIP can satisfy an agency's obligation to provide an employee with a reasonable opportunity to demonstrate acceptable performance. *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 10 (2013).

¶7    On review, the appellant also challenges the administrative judge's finding that her performance during the opportunity to improve period was unacceptable. PFR File, Tab 1 at 18-26. The appellant argues, as she did below, that the errors for which she was cited were not "true errors," but rather petty discrepancies regarding formatting, typographical errors involving, for example, addresses, telephone and/or facsimile numbers, and that they were exaggerated, fabricated, unfair, and unreasonable. *Id.* at 18, 23. She also disputes the number of errors the agency asserts she made in connection with the five tasks listed under the "Technical" critical element. *Id.* at 20‑22.

¶8    The performance standards for acceptable results in each of the five tasks under the "Technical" critical element require the accurate submission of documents and reports, as well as strict adherence to specific guidelines and templates, and no more than two errors per document or report with the same type of errors not subsequently repeated. IAF, Tab 20. In finding that she had failed

---

[4] In an effort to counter her mentor's testimony that she was defensive and distracted, the appellant offers, as new and material evidence on this issue, a November 21, 2012 email she sent to her first-line supervisor which, in the appellant's view, shows that she was easy to work with. PFR File, Tab 1 at 28. Because this evidence predates the PIP period by 6 months, it is neither new, *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980), nor material, *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

the PIP, the Head, Business and Financial Management pointed out that the appellant had exceeded the allowable number of errors in 61% of the PRs, 41% of the Outgoing Funding Documents, 35% of the Financial Status Reports, and 66% of the Funds Management Reports, and that she had repeated the same type of errors. The Head, Business and Financial Management also noted that the appellant failed to update the Incoming Funding Log by the end of each work week as required and had more than the allowable number of errors in certain branches every week of the PIP period, and that, in 10 of the 12 weeks, there were more than the allowable number of errors on the PR log, some of which were repeated. IAF, Tab 21.

¶9    Although the appellant challenges the agency's assessment of the precise number of errors she made, she has neither alleged nor shown that she routinely met the standard of no more than two errors per document or report or that she did not repeat certain errors. And while, in her view, the errors were petty, constituting only minor discrepancies, the Board generally defers to managerial discretion in determining what agency employees must do to perform acceptably in their positions. *See Jackson v. Department of Veterans Affairs*, 97 M.S.P.R. 13, ¶ 14 (2004). Bearing in mind that the agency's burden of proof in a performance action taken under chapter 43 is relatively low, substantial evidence,[5] 5 U.S.C. § 4302(b), the appellant has not shown error in the administrative judge's finding that the specific and well-documented information regarding the appellant's numerous errors and omissions constitutes more than substantial evidence that she performed unacceptably during the PIP period in the five tasks under the "Technical" critical element.[6]

---

[5] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.56(c)(1).

[6] The appellant challenges the administrative judge's statement that her performance during the 2012 rating year was "below expectations." PFR File, Tab 1 at 25-26; ID at 20. In fact, the appellant received an acceptable performance rating for the rating

¶10        On review, the appellant also challenges the administrative judge's findings regarding her claim that the agency's action was taken in retaliation for her protected activity. The administrative judge first addressed the appellant's claim that, in a grievance she filed over a 2012 Letter of Requirements she received regarding her usage of leave during a period when she was unfunded, she stated that a prior supervisor had instructed her that, under such circumstances, she was to charge her time to certain project overhead funds. The appellant stated that she had refused to follow the instruction, believing such practice to be a misappropriation of funds. IAF, Tab 15, Part D at 6. The administrative judge found that, even assuming that the appellant had made a protected disclosure in this regard, there was no evidence that management personnel involved in her removal were aware of it, much less that it was a contributing factor in that action, or the source of any motivation to retaliate against her because of it. ID at 16-17. The appellant argues that, on the contrary, her first- and second-level supervisors, who were heavily involved in her removal, were also both directly

period July 1, 2011, to June 30, 2012, but she was deemed not to have met expectations in "Teamwork and Communication," and "Leadership," and, under the "Technical" critical element, she was cautioned to review her work more thoroughly to avoid needless errors, although she was deemed to have met expectations. IAF, Tab 5 at 38. The appellant's overall rating was deemed insufficient to support a pay raise for her during that rating year. *Id.* at 41. In any event, to the extent the administrative judge's statement was not a model of clarity, the appellant has not shown that any such error was prejudicial to her substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). In an effort to counter the administrative judge's findings regarding her performance, the appellant also argues that her performance prior to the PIP was not below standard and that the ratings she received from other supervisors were superior or better, but that the administrative judge did not consider these earlier ratings. PFR File, Tab 1 at 6-7, 23. However, an agency is not estopped by a prior satisfactory appraisal from taking a performance-based action against an employee at any time during the appraisal cycle, when, as here, her performance in any critical element becomes unacceptable. *See Lee v. Department of Labor*, 110 M.S.P.R. 355, ¶ 11 (2008). Moreover, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

involved in the grievance review process. PFR File, Tab 1 at 14-15. While it is true that both supervisors were named in the grievance, neither was alleged to have violated any law, rule, or regulation in connection with the leave matter of which the appellant complains. IAF, Tab 15, Part D at 6. Notwithstanding, to the extent the administrative judge erred in finding that the appellant did not establish that this disclosure, assuming it was protected, was a contributing factor in her removal, she did not establish, as set forth below concerning her other disclosure, that the administrative judge erred in finding that the agency showed by clear and convincing evidence that it would have removed the appellant, even absent her disclosures. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶11    The administrative judge also addressed the appellant's claim that, in another 2012 grievance she filed over a notice of proposed suspension for inappropriate conduct, she reported nepotism; specifically, that the agency employed the niece of her second-level supervisor, within her chain of command. IAF, Tab 5, Part D at 86-95. The administrative judge found that the appellant did make a protected disclosure of which certain involved management officials were aware and that the agency took action against her within such time to support a finding that it was a contributing factor in her removal, but that the agency showed by clear and convincing evidence that it would have removed her, even in the absence of her disclosure. ID at 17-21. On review, the appellant challenges the administrative judge's finding that there was no evidence of any actual motive to retaliate against the appellant on the part of her first-level supervisor, that individual's first-line supervisor, or the appellant's second-level supervisor. ID at 20-21; PFR File, Tab 1 at 13. The administrative judge found that the matter of the appellant's second-line supervisor's niece's employment had been addressed and resolved by the agency in 2010, well before the appellant raised the matter in her 2012 grievance and that, therefore, her disclosure would not have raised any new issues or caused the second-level supervisor or anyone else any particular embarrassment or additional effort. ID at 20. The

appellant has not challenged this finding, and we agree that it weighs in the agency's favor. *Carr v. Social Security Administration*, [185 F.3d 1318](), 1323 (Fed. Cir. 1999) (in determining whether the agency has met its clear and convincing burden, the Board will consider the relevant factors, including (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated).

¶12    The appellant also disputes the administrative judge's finding as to the third *Carr* factor.  Specifically, the appellant challenges the administrative judge's findings that there was no evidence that the appellant's second-level supervisor's niece made similar mistakes and that the evidence regarding errors made by another Contracting Specialist was, at best, anecdotal and otherwise insufficient to establish that he was similarly situated to the appellant.  ID at 21; PFR File, Tab 1 at 24, 19.  The appellant references several errors made by her second-level supervisor's niece that she pointed out in one of her grievances, IAF, Tab 15, Part D at 92, and several errors made by the other Contracting Specialist, *id.*, Part C at 89-95.  While it appears that these two individuals did not engage in protected activity and were not penalized for their performance, there is no evidence that the errors they committed were as extensive as those the appellant committed, and, for that reason, we agree with the administrative judge that they were not similarly situated to her.  We further agree, weighing the *Carr* factors together, that the agency proved by clear and convincing evidence that it would have removed the appellant, even absent her protected disclosures.

¶13     Next, the appellant raises a number of alleged adjudicatory errors on the part of the administrative judge.  According to the appellant, her 300-page prehearing submission somehow became "misaligned" during copying and was determined by the administrative judge to be in disorder at the prehearing

conference, such that he requested that the appellant send another copy directly to him prior to the hearing, which she did. The appellant argues that the prehearing conference should have been rescheduled until after the administrative judge had an opportunity to receive and review the new package. PFR File, Tab 1 at 2. The record does not reflect that the appellant made such a request during the prehearing conference or thereafter, within the time allotted by the administrative judge for submitting exceptions to his summary of the conference. IAF, Tab 18. The appellant's failure to complain then precludes her from doing so on review. *See Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012). In any event, the administrative judge was able to review the preliminary version of the appellant's prehearing submission, which, although in disorder, was sufficient for him to adequately review the appellant's claims before the prehearing conference.

¶14 The appellant further argues on review that an Employee Relations Specialist did not appear to testify at the hearing, even though he "was specifically named in my appeal for harmful procedural error and neglect which contributed to my removal from service," PFR File, Tab 1 at 5, and that she was denied the opportunity to question him, PFR File, Tab 6. The record reflects that, although the appellant submitted a number of documents in apparent response to the administrative judge's Order and Notice of Hearing and Prehearing Conference, IAF, Tab 17, she did not furnish a list of witnesses with a detailed summary of the expected testimony of each, as ordered by the administrative judge, IAF, Tab 9. The agency did submit such a list, however, and it included the Employee Relations Specialist as a witness. IAF, Tab 11. The administrative judge provisionally approved him, "if his testimony becomes necessary," IAF, Tab 18, but, during the hearing, the agency decided not to present him as a witness. First, the appellant did not object to the administrative judge's summary of telephonic prehearing conference despite being advised that she could do so, IAF, Tab 9, and her failure to do so precludes her from raising any such objection now. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). Moreover,

because the appellant did not herself request the Employee Relations Specialist as a witness, she cannot complain when the agency changed its mind about presenting the testimony of its own witness.

¶15    Finally, the appellant argues on review that the delay in processing the appeal from the date of the hearing to the issuance of the initial decision was unfair and should be considered "unacceptable."  PFR File, Tab 1 at 1.  Given that the administrative judge had access to the complete record, including the appellant's voluminous submissions and the hearing compact disc, we find that the appellant has not shown that any delay constituted an adjudicatory error that prejudiced her substantive rights.  *Panter*, 22 M.S.P.R. at 282.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the

Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.